**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**HELEN BURNS**                                          **CIVIL ACTION**

**VERSUS**                                               **NO.  13-6591**

**JAMES ROGERS, WARDEN**                                 **SECTION  "H"(4)**

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

I.     **Factual and Procedural Background**

The petitioner, Helen Burns ("Burns"), is a convicted inmate incarcerated in the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana.[2]  Burns was initially indicted on August 17, 1995, by a grand jury in St. Tammany Parish Case No. 245264 for the second degree murder of her husband, Conway Burns ("Conway").[3]  Burns entered a plea of not guilty to the charge on August 30. 1995.[4]

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 8, Indictment (245264), 8/16/95; Grand Jury Return, 8/16/95.

[4]St. Rec. Vol. 1 of 8, Minute Entry, 8/30/95.

The State eventually entered a nolle prosequi under that case number after Burns was re-indicted, along with her brother, Michael Wright, for the same crime on May 23, 1996, under Case No. 255875.[5]  Burns entered a plea of not guilty to that charge on September 3, 1996.[6]

The record reflects that, on the morning of June 23, 1995, Burns and her husband, Conway, had an argument during which Burns claims that Conway repeatedly beat her in the face and about the body.[7]  The beating and shoving continued until Burns was able to escape the house.  Burns made her way to her mother's home and told her mother and her brothers about the fight.  Burns initially claimed that she armed herself with a gun from their home, and drove her car to follow Conway as he drove to lunch in the family van so she could confront him.  She said that she shot him several times as he tried to pull her from her car.  Police later noted bruising and cuts to her face and lips.

However, the evidence showed that, Burns rented a small red car that she and her brother, Michael Wright, used to stalk Conway and follow him as he drove the family van on the day of the shooting.  At about noon that day, Burns and Wright drove in the rental car behind Conway who was in the Burns's white van.  After somewhat of a stop and start chase through town, the cars eventually stopped in the middle of the street.  At that time, Wright leaned out or exited the car enough to shoot at Conway several times.  Conway died from two gunshot wounds that perforated his heart, liver and kidney.

---

[5]St. Rec. Vol. 1 of 8, Indictment (255875), 5/23/96; Grand Jury Return, 5/23/96; Minute Entry, 9/9/96.

[6]St. Rec. Vol. 1 of 8, Minute Entry, 9/3/96.

[7]The facts were taken from the published opinion of the Louisiana First Circuit Court of Appeal on direct appeal.  *State v. Burns*, 734 So.2d 693, 696-703 (La. App. 1st Cir. 1999); St. Rec. Vol. 6 of 8, 1st Cir. Opinion, 98-KA-0602, pp. 4-16, 2/19/99.

2

Burns and Wright were jointly tried before a jury on August 25 through 29, 1997, and both were found guilty as charged.[8]  At a hearing held on September 16, 1997, the Trial Court denied Burns's motions for a new trial and for post-verdict judgment of acquittal.[9]  After waiver of legal delays, the Court sentenced Burns to serve life in prison at hard labor and without benefit of parole, probation, or suspension of sentence.[10]

On direct appeal, Burns's appointed counsel asserted two errors:[11] (1) the evidence was insufficient to support the verdict as urged in the motion for post-verdict judgment of acquittal; (2) the Trial Court erred in denying the defense motion to excuse the jury panel after the State tainted the voir dire; and (3) the Trial Court erred in accepting the State's reasons for its peremptory challenges as racially neutral in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986).  The Louisiana First Circuit affirmed Burns's conviction and sentence on February 19, 1999, finding no merit in the claims raised.[12]

---

[8]St. Rec. Vol. 1 of 8, Trial Minutes, 8/25/97; Trial Minutes, 8/26/97; Trial Minutes, 8/27/97; Trial Minutes, 8/28/97; Trial Minutes, 8/29/97; Trial Transcript, 8/25/97; St. Rec. Vol. 2 of 8, Trial Transcript (continued), 8/25/97; Trial Transcript, 8/26/97; St. Rec. Vol. 3 of 8, Trial Transcript (continued), 8/26/97; Trial Transcript, 8/27/97; St. Rec. Vol. 4 of 8, Trial Transcript (continued), 8/27/97; Trial Transcript, 8/28/97; St. Rec. Vol. 5 of 8, Trial Transcript (continued), 8/28/97; Trial Transcript, 8/29/97.

[9]St. Rec. Vol. 1 of 8, Sentencing Minutes, 9/16/97; Motion for New Trial, 9/5/97; Motion for Post-Verdict Judgment of Acquittal, 9/5/97; St. Rec. Vol. 5 of 8, Sentencing Transcript, 9/16/97.

[10]St. Rec. Vol. 1 of 8, Sentencing Minutes, 9/16/97; St. Rec. Vol. 5 of 8, Sentencing Transcript, 9/16/97.

[11]*Burns*, 734 So.2d at 693; St. Rec. Vol. 6 of 8, 1st Cir. Opinion, 98-KA-0602, 2/19/99.

[12]*Id.*

The Louisiana Supreme Court denied Burns's related writ application without stated reasons on September 24, 1999.[13] Burns's conviction and sentence became final ninety (90) days later, on December 23, 1999, because she did not file a writ application with the United States Supreme Court. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

Nine months later, on September 21, 2000, Burns submitted an application for post-conviction relief to the state trial court raising several grounds for relief:[14] (1) the cumulation of errors in the case renders the conviction unreliable; (2) the improper use of grand jury testimony violated the rules of secrecy; (3) the State introduced impermissible victim impact testimony; (4) the petitioner was denied effective assistance of counsel at trial where counsel failed to investigate critical aspects of the defense, failed to investigate and prove that someone else committed the crime charged, failed to secure adequate funds for experts, failed to effectively move for severance of the defendants, failed to comment on the co-defendants failure to testify, failed to object to inadmissible hearsay testimony, and failed to object to certain comments in the State's closing arguments; and (5) the petitioner was denied effective assistance of counsel on appeal for failure to raise all of the issues preserved for appeal; (6) the State withheld exculpatory evidence.

On October 10, 2000, the Trial Court denied Burns's application finding no merit in the ineffective assistance of counsel claims under the standards set forth in *Strickland v. Washington*,

---

[13]*State v. Burns*, 747 So.2d 1114 (1999); St. Rec. Vol. 8 of 8, La. S. Ct. Order, 99-KO-0829, 9/24/99; La. S. Ct. Writ Application, 99-KO-0829, 3/24/09 (postmarked 3/12/99, dated 3/12/99); St. Rec. Vol. 6 of 8, La. S. Ct. Letter, 99-KO-0829, 3/24/99.

[14]St. Rec. Vol. 6 of 8, Application for Post-Conviction Relief, 9/22/00 (dated 9/21/00).

466 U.S. 668 (1984) and finding that the remaining claims failed to raise an issue cognizable on post-conviction review under La. Code Crim. P. art. 930.3.

On December 11, 2000, Burns filed for review of this order in the Louisiana First Circuit.[15] The Court denied the application on April 20, 2001, on the showing made noting that Burns did not present the necessary documentation to support her writ.  Burns did not seek further review.

Twelve years later, on February 25, 2013, Burns submitted a second application for post-conviction relief to the Trial Court arguing that she received ineffective assistance of counsel at her arraignment, at trial and on collateral review and that the evidence was insufficient to support the verdict.[16]  The Trial Court denied the application on March 5, 2013, finding it to be untimely, repetitious and "without basis."[17]  The Louisiana First Circuit denied Burns's related writ application on May 20, 2013.[18]

On November 8, 2013, the Louisiana Supreme Court denied Burns's subsequent writ application as seeking untimely post-conviction relief, citing La. Code Crim. P. art. 930.8 and *State ex rel. Glover v. State*, 660 So.2d 1189 (La. 1995).[19]

---

[15]The record does not contain a copy of this writ application.  The filing date was obtained from the office of the clerk of court for the Louisiana First Circuit.

[16]St. Rec. Vol. 6 of 8, Application for Post-Conviction Relief, 2/27/13 (dated 2/25/13); Memorandum in Support, 2/27/13.

[17]St. Rec. Vol. 6 of 8, Trial Court Order, 3/5/13.

[18]St. Rec. Vol. 6 of 8, 1st Cir. Order, 2013-KW-0450, 5/20/13; St. Rec. Vol. 8 of 8, 1st Cir. Writ Application, 2013-KW-0450, 3/20/13.

[19]*State ex rel. Burns v. State*, 125 So.3d 449 (La. 2013); St. Rec. Vol. 8 of 8, La. S. Ct. Order, 2013-KH-1265, 11/8/13; La. S. Ct. Writ Application, 13-KH-1265, 5/31/13 (postal metered 5/30/13, dated 5/31/13).

## II.   Federal Habeas Petition

On December 4, 2013, the clerk of this Court filed Burns's petition for federal habeas corpus relief in which she raised the following grounds for relief:[20] (1) she received ineffective assistance of counsel at her arraignment; (2) she received ineffective assistance of counsel at trial; (3) she received ineffective assistance of counsel on collateral review where she did not have counsel in raising her claims of ineffective assistance of trial counsel; and (4) the evidence was insufficient to support the verdict.

The State filed an answer and memorandum in opposition arguing that Burns's petition was not timely filed, the claims are in procedural default, and alternatively, the claims are meritless.[21] Burns replied to the State's opposition arguing that the holding in *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012), created a new, one year period for her to file her federal petition and her claims should be addressed.[22]

## III.   General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[23] applies to this petition, which is deemed filed in this court under the federal

---

[20]Rec. Doc. No. 1.

[21]Rec. Doc. Nos. 10, 11.

[22]Rec. Doc. No. 12.

[23]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505, n.11 (5th Cir. 1992).

mailbox rule on November 25, 2013.[24]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

In this case, the State has raised the limitations defense and procedural default.  With respect to the former, the State argues that Burns's federal petition was not timely filed, and she is not entitled to equitable tolling.  The record supports this conclusion, and her petition should be dismissed for that reason.

## IV.   Statute of Limitations

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final or from the date on which a new rule of constitutional law was recognized by the Supreme Court and made retroactively applicable to cases on collateral review.[25]  *Duncan v.*

---

[24]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes.  *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of Court filed Burns's federal habeas petition on December 4, 2013, when the filing fee was received.  Burns dated her signature on the petition on November 25, 2013.  This is the earliest date appearing in the record on which she could have delivered it to prison officials for mailing to a federal court.  The fact that she paid the filing fee does not alter the application of the federal mailbox rule to her pro se petition.  *See Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if filing fee was not paid at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

[25]The statute of limitations provision of the AEDPA, 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

*Walker*, 533 U.S. 167, 176-80 (2001).  In this case, Burns's contends that the Supreme Court decision in *Martinez* created a new date on which the one-year filing period began to run for her to file for relief in federal court.  The Court must therefore determine the appropriate trigger for Burns's AEDPA filing period.  For the following reasons, her reliance on *Martinez* as a new trigger under § 2244 is misplaced.

In *Martinez*, the Supreme Court discussed the long-standing holding in *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), that habeas petitioners have no constitutional right to counsel on post-conviction review; therefore, deficient performance by post-conviction counsel does not excuse a procedural default.  The Supreme Court carved out an exception to that rule in situations where a State defendant is barred from raising an ineffective assistance of trial counsel claim at the initial level of review for raising such a claim:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 132 S. Ct. at 1320.

---

A.   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D.   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Court defined an "initial-review collateral proceeding" as "the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial." *Id.*, 132 S. Ct. at 1315, 1317. The Court resolved that, in state's where a claim of ineffective assistance of trial counsel is prohibited from direct appellate review, the Constitution would require assistance of counsel at the first level of review for that claim on post-conviction before a procedural bar can be imposed by the state courts. *Id.*, 132 S. Ct. at 1319-20. The Court made clear that its ruling was limited to situations when state law prohibits a defendant from raising an ineffective assistance of trial counsel claim on direct appeal, where he would have been entitled to counsel, and instead requires that the claim be raised on post-conviction review where there is no right to counsel, <u>and</u> the claim is found to be in procedural default. *Id.*, at 1319-20; *see also*, *Trevino v. Thaler*, __ U.S. __, 133 S. Ct. 1911, 1921 (2013).

The *Martinez* rule therefore applies only to claims of ineffective assistance of counsel at trial that are procedurally defaulted and there was lack of, or ineffective, assistance by counsel during the initial collateral (or post-conviction) review. This lack of counsel may be considered to constitute "cause" to excuse a habeas petitioner's procedural default.

However, *Martinez* and its progeny do not address or require its application to the AEDPA's statute of limitations. *See*, *Manning v. Epps*, 688 F.3d 177, 189 (5th Cir. 2012) (nothing in *Martinez* excuses a petitioner's failure to file his petition before the AEDPA's one-year statute of limitations ran); *see also*, *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at *1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report). Burns's has not established that *Martinez* applies here.

Furthermore, even if *Martinez* is applied in a limitations context, Burns's would not benefit. Burns first challenged the effective assistance of her trial counsel in her first state application for post-conviction relief filed in 2001.  The Trial Court denied relief on the <u>merits</u> of those claims citing *Strickland*.  That holding was confirmed on the showing made by the Louisiana First Circuit, and Burns did not seek further review in the Louisiana Supreme Court.[26]  The last reasoned decision was that of the Trial Court denying her ineffective assistance of counsel claims as meritless.

Thus, Burns's first attempt to raise her ineffective assistance of trial counsel claims was <u>not</u> procedurally barred from review by the state courts and instead was found meritless under Supreme Court standards addressed in *Strickland*.  She therefore falls outside of any narrow exception that could be created by *Martinez* and its progeny.

For these reasons, the only applicable trigger under § 2244 is the finality of Burns's conviction.  As calculated above, her conviction was final on December 23, 1999, which was 90 days after her post-appeal writ application was denied by the Louisiana Supreme Court.  Under § 2244, Burns had one year from that date, or until December 22, 2000, to file a timely federal application for habeas corpus relief which she did not do.  Thus, literal application of the statute would bar Burns's § 2254 petition as of that date unless she is entitled to tolling as provided for under the AEDPA.

---

[26]Burns suggestion that she did not know the Louisiana First Circuit issued its ruling is belied by the fact that a copy of that ruling was attached to her 2013 state application for post-conviction relief.

A.   **Statutory Tolling**

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2).  In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999) (Table).  For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).  The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. 214 (motion to withdraw a guilty plea is "other collateral

review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.  *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).  Requests for document and transcript copies also are not other collateral review for purposes of the tolling calculation.  *Mack v. Fault*, No. 12-1303, 2013 WL 410444, at *1 (10th Cir. Feb. 4, 2013) (request for transcript is not an application for post-conviction or other collateral review); *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523, at *1 (10th Cir. Apr.12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes and did not act as a state impediment to warrant equitable tolling); *Johnson v. Randle*, 28 F. App'x 341, 343 (6th Cir. 2001) (motion for production of documents and free copies did not toll the AEDPA filing period); *Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La. 2000) (Berrigan, J.), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Irving v. 21st Dist. Ct.*, No. 09-2777, 2009 WL 2883034, at *6 (E.D. La.) (Africk, J.) (Order adopting Report and Recommendation); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541, at *2 (E.D. La. Jan. 16, 2002) (Vance, J.); *Jones v. Johnson*, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file post-conviction application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application does not warrant equitable tolling); *see also*, *Gonzales v. Wilkinson*, 269 F. App'x 481, 485-86 (5th Cir. 2008) (declining to apply statutory or equitable tolling for period during which petitioner awaited copy of plea transcript where underlying motion to reconsider sentence was not properly filed).

In the instant case, the AEDPA filing period began to run on December 24, 1999, the day after Burns's conviction became final.  The one-year filing period ran uninterrupted for 272 days,

until September 21, 2000, when Burns submitted her first application for post-conviction relief to the Trial Court for filing.  The one-year filing period remained tolled during the pendency of that application through Monday, May 21, 2001,[27] which was 30 days after the Louisiana First Circuit denied relief and she did not seek further review.[28]

The one-year filing period began to run again on May 22, 2001, and did so uninterrupted for the remaining 93 days, through August 22, 2001, when it expired.  Burns had no properly filed state application for post-conviction or other collateral review pending during that time.  In fact, Burns would wait over eleven and one-half years before submitting her next such pleading to the state trial court on February 25, 2013.  A filing made after the AEDPA filing period has expired does not afford her any statutory tolling.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  For these reasons, Burns's federal petition submitted for filing on November 25, 2013, was not timely under the AEDPA.

### B.       No Basis for Equitable Tolling

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus.  *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert.*

---

[27]Petitioner had thirty days from issuance of the appellate court's order to submit a writ applicaiton to the Louisiana Supreme Court.  La. S. Ct. R. X§5.  The thirtieth day was Sunday, May 20, 2001.  The deadline fell to the next business day, Monday, May 21, 2001.  La. Code Crim. P. art. 13 (weekends and holidays excluded as last day in time calculation).

[28]The Court recognizes that Burns's writ application may not have been timely submitted for filing in the Louisiana First Circuit.  However, because the Court was not provided with a copy of the writ application or evidence of when Burns presented to prison officials for mailing to that court.  Nevertheless, once it was filed, the period would be tolled.  *Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).  Because it does not alter the outcome of the untimeliness of this federal petition, the Court will not and need address the timeliness of this Louisiana First Circuit writ application.

*denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner.  *See Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("A garden variety claim of excusable neglect does not support equitable tolling.") (quotation omitted); *Fisher*, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal

district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Burns has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling under the § 2244(d) computation.  Burns has offered absolutely no reason for her excessive delay in bringing her federal claims to this Court.  As discussed previously, her reliance on *Martinez* to excuse her delay is misplaced.  The *Martinez* decision created a limited exception to the procedural default doctrine and its impact on the ability of a federal court to consider a habeas petitioner's ineffective assistance of trial counsel claim that was not addressed by the state courts on the merits.  This is <u>not</u> the case here and *Martinez* does not impact the untimeliness of Burns's federal petition.

The record does not contain any of the extraordinary circumstances previously recognized by the precedent cited above that would warrant equitable tolling.  The record instead reflects that Burns made no diligent effort to pursue her federal habeas review in a timely manner.  There simply is no basis for equitable tolling in this record.

Burns's federal petition is deemed filed in this Court on November 25, 2013, which is over twelve <u>years</u> after the AEDPA filing period expired on August 22, 2001.  Burns's petition should be dismissed as time-barred.

## V.    <u>Recommendation</u>

For the foregoing reasons, it is **RECOMMENDED** that Helen Burns's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[29]

New Orleans, Louisiana, this 14th day of August, 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[29]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.